## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Reginald Gerrill Toomer Bey, | Case No.: 2:17-cv-1004 |
| Plaintiff, | **ORDER AND OPINION** |
| v. | |
| Magistrate John Duff, Sergeant Steven Evans, N. Charleston Police Department, N. Charleston Municipal Court, | |
| Defendants. | |

This matter is before the Court on the Report and Recommendation ("R. & R.") of the Magistrate Judge (Dkt. No. 27) recommending that this Court dismiss Plaintiff's Complaint without prejudice and without issuance of service of process. For the reasons set forth below, this Court adopts the R. & R. as the order of the Court. The Complaint is dismissed without prejudice.

**I.  Background and Relevant Facts**

Plaintiff Reginald Gerrill Toomer Bey is proceeding *pro se*. On February 24, 2017, Plaintiff was charged with driving without a license and a non-criminal seatbelt offense. On May 11, 2017, Plaintiff was tried in his absence in a bench trial, found guilty of both charges, and fined $155.00 on the driving without a license charge and $25.00 on the seatbelt charge. Plaintiff filed this civil action seeking monetary damages and to have all charges against him dismissed and "the protection of my Rights to travel on my land." (Dkt. No. 1 at 5.)

## II. Legal Standards

### a. *Pro Se* Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### b. Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted).

## III. Discussion

The Magistrate Judge explained in the R. & R. that Plaintiff's Complaint is subject to dismissal because, among other deficiencies, it fails to meet the requirements of Rule 8(a) of the Federal Rules of Civil Procedure which requires a short and plain statement of the basis for this

Court's jurisdiction and the basis for Plaintiff's claims. Here, Plaintiff's allegations are generally incomprehensible, and to the extent they are comprehensible, they are totally lacking in merit. (Dkt. No. 27 at 4-11.) For example, Plaintiff claims that the Treaty of Peace and Friendship (presumably between Morocco and the United States) is the basis for jurisdiction in this case even though Courts routinely reject such claims. (*Id.* at 4-5.)

Plaintiff has not filed any Objections to the R. & R. This Court finds that the Magistrate Judge has correctly applied the controlling law to the facts of this case while liberally construing the *pro se* Complaint.

### IV. Conclusion

For the reasons set forth above, this Court adopts the R. & R. (Dkt. No. 27) as the order of the Court. Plaintiff's Complaint is dismissed without prejudice and without issuance of service of process.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

November 14, 2017
Charleston, South Carolina